68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aleko PERFANOV, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70161.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 21, 1995.
Decided Oct. 16, 1995.
 
 1
 Before: NOONAN and HAWKINS, Circuit Judges; LEW, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Aleko Perfanov (Perfanov) petitions this court to review the order of the Board of Immigration Appeal (Board) denying asylum and withholding of deportation. We deny the petition.
 
 PROCEEDINGS
 
 4
 On August 5, 1991, the INS served Aleko Perfanov (Perfanov) with an order to show cause why he should not be deported for entering the United States without inspection by an immigration officer. On October 21, 1991, Perfanov, appearing pro se, conceded deportability and expressed fear at the thought of returning to Bulgaria. The Immigration Judge (IJ) found Perfanov deportable, and continued the hearing so that Perfanov could seek counsel and file a petition for asylum. Perfanov did so. On June 22, 1992, the IJ held a hearing and denied Perfanov's request for asylum and withholding of deportation, while granting voluntary departure. On January 13, 1994, the Board affirmed. Perfanov filed a timely petition for review to this court.
 
 FACTS
 
 5
 On August 5, 1991, Perfanov, a Bulgarian citizen, entered the United States surreptitiously from Canada near Champlain, New York. At the hearing held on June 22, 1992, Perfanov testified that his grandfather had been murdered in retaliation for political activities in 1979. Perfanov testified that he himself had been arrested and beaten in connection with an incident in which he wrote anti-communist graffiti on a wall. In addition, while in the military, he received 60 days detention for speaking out against discriminatory treatment of minorities. He also testified that he was a member of the Macedonian ethnic minority in Bulgaria. Although Perfanov conceded that the Communist government in Bulgaria had been dismantled by democratic elections since he left Bulgaria, he expressed the belief that the changes were only superficial, and that he would still be subject to persecution on returning to his native country.
 
 
 6
 The IJ and the Board concluded that the evidence provided by Perfanov was not sufficient to support a reasonable fear of persecution, and thus that the evidence was not sufficient to meet the more stringent clear probability standard. Specifically, the Board concluded that while Perfanov had been harassed and discriminated against in Bulgaria, he had not suffered "persecution." The Board also concluded that the political climate of Bulgaria had changed since Perfanov's departure, so that he would not face persecution on his return.
 
 ANALYSIS
 
 7
 The Board erred in concluding that Perfanov had not suffered past persecution. See Mendez-Efrain v. INS, 813 F.2d 279, 282-83 (9th Cir. 1987). However, Perfanov has failed to provide sufficient evidence to contradict the Board's conclusion that he would not be in danger upon returning to Bulgaria. Although the most recent Country Report on Bulgaria indicates that the Macedonian rights group, UMO-Ilinden, has been barred from political participation since 1990, Perfanov does not claim to be associated with the group.
 
 
 8
 Accordingly, we DENY the petition.
 
 
 
 *
 The Honorable Ronald S.W. Lew, United States District Judge, Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3